UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LYNA WOO,<br><br>                    Plaintiff,<br><br>          v.<br><br>TRANSIT DISTRICT 1, POLICE DEPARTMENT<br>54th PRECINCT, and DETECTIVE POGGI,<br><br>                    Defendants. | 25-CV-3272 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff Lyna Woo, proceeding *pro se*, brings this action alleging that she was falsely arrested by the transit police while taking the subway. Dkt. 1 ("Compl.") at 5. As evidenced by various filings in this case, Plaintiff was apparently arrested on April 14, 2025 by Transit Officer Lizbeth Rodriguez, who is not a named defendant, for walking between train cars while the subway was in motion. Dkt. 23. Woo seeks $10,000 for pain and suffering, including compensation for alleged injuries to her wrist. Compl. at 6. Although summons were issued in this matter on April 23, 2025, Defendants do not yet appear to have been served. Woo has since filed a series of motions on the docket, which are now before the Court.

I.      **Pending Motions**

First, Woo filed a letter and declaration dated April 25, 2025, in which she states that she would prefer a "male Judge" to hear her case, and that she "wants to go above Magestric [sic] Judge for my lawsuit." Dkt. 7, 8. Both requests are denied. Parties may not choose a specific federal judge to hear their case. *See, e.g.*, *James v. State Univ. of N.Y.*, 2023 WL 3006104, at *2 (S.D.N.Y. Mar. 3, 2023) ("Parties cannot pick and choose a judge to hear their case, and there is no process by which a party can request 'reassignment' based on a preference, a dislike of a

particular judge, or a disappointment with a judge's rulings."). And while this matter is referred to Magistrate Judge Willis for general pretrial supervision, such as scheduling and discovery, *see* Dkt. 11, the Court, rather than Judge Willis, will make any final, binding disposition in this case, absent explicit consent by Woo and Defendants for Judge Willis to do so. *See United States v. Raddatz*, 447 U.S. 667, 673–676 (1980); 28 U.S.C. § 636(b)(1).

Second, Woo filed motions and declarations dated April 28, 2025 in which she requested that the Court recuse itself from this case. Dkt. 9, 10, 15. She made a similar request in letters dated in May 2025. Dkt. 14, 16. This request is also denied. Woo's recusal request seems to be based on a misunderstanding that the Court, because it sits in the Thurgood Marshall United States Courthouse, where the United States Court of Appeals for the Second Circuit also sits, is an appellate court. Dkt. 14, 16. That is not the case; this misunderstanding is not a proper basis for a recusal motion. *See* 28 U.S.C. § 455 (discussing potential grounds for recusal). For the avoidance of doubt, the Court is a United States District Judge for the Southern District of New York, and is not a judge on the United States Court of Appeals for the Second Circuit.

Third, Woo filed motions to "Request Dismiss my false Arrest" dated April 30, 2025. Dkt. 12, 13. She renewed this request in a motion filed on July 28, 2025. Dkt. 25. These motions appear to simply reiterate the relief sought in Woo's Complaint, namely, that she would like to be compensated for an alleged false arrest. *See, e.g.*, Dkt. 25.

Fourth, Woo filed letters dated May 29 and 30, 2025 which apparently relate to a dispute with her landlord regarding to an alleged eviction taking place on June 1, 2025. Dkt. 18, 19, 20, 21. The crux of these letters are requests to (1) assign a new magistrate judge to this matter, and (2) recover any expenses she might incur as a result of this dispute with her landlord. Woo reiterated her request for a new magistrate judge in a motion dated July 28, 2025. Dkt. 24. First,

2

parties have no right to select a particular magistrate judge to hear their case, *see James*, 2023 WL 3006104, at *2, and Woo has provided no reason why Judge Willis should recuse herself from this matter. Accordingly, her request for a new magistrate judge is denied. Second, to the extent Woo would like this Court to address any dispute she may have with her landlord, the proper procedure to do so would be to file a new complaint, if Woo has a good-faith basis to do so. To the extent she seeks to do so in this District, rather than state court, she must also sufficiently allege subject-matter jurisdiction. *See, e.g. Wynston Hill Cap., LLC v. Crane*, 628 F.3d 540, 544–45 (S.D.N.Y. 2022). In any event, Woo's dispute with her landlord does not appear to share a common "question of law or fact" with her false arrest claim, and so joinder of her landlord in this action would likely be improper. Fed. R. Civ. P. 20(a).

Fifth, Woo filed a Notice of Motion dated June 6, 2025 with no request for relief. Dkt. 22. Woo also filed a declaration dated the same day including additional information about her case, in particular, that the District Attorney's office declined to prosecute her for the incident resulting in her arrest. Because Woo did not request any specific relief in this motion, no action will be taken by the Court.

## II.     Service

Woo is a fee-paid *pro se* litigant. She is therefore required to use a process server to properly serve defendants in this matter.

The Complaint in this case was filed on April 18, 2025, and summons were issued on April 23, 2025. Under Federal Rule of Civil Procedure 4(m), a complaint must be served within 90 days of the commencement of the action. *See* Fed. R. Civ. P. 4(m). No proof of service has yet been filed on the docket. Accordingly, it is hereby ordered that, no later than March 27, 2026, Plaintiff submit a letter indicating why the Court should not dismiss this action without prejudice, consistent

with Rule 4(m). If she does not do so by March 27, 2026, this case will be dismissed without prejudice.

Woo is further advised that, if she seeks legal assistance, she may consult with the City Bar Justice Center's clinic for pro se litigants by visiting its website at www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project, by calling (212) 382-4794, or by emailing fedprosdny@nycbar.org. This clinic, which is neither part of nor run by the Court, assists pro se litigants with federal civil cases.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 10, 12, 14, 22, and 24, and mail a copy of this Order to Plaintiff at her listed address.

SO ORDERED.

Dated:    February 20, 2026
          New York, New York

Ronnie Abrams
United States District Judge

4